UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: -CIV-

LUCIA LOPEZ,

    Plaintiff,

v.

LARKIN COMMUNITY HOSPITAL, INC.

    Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff, LUCIA LOPEZ (hereafter referred to as "Plaintiff"), by and through her undersigned counsel, and hereby sues Defendant, LARKIN COMMUNITY HOSPITAL, INC. (hereafter referred to as "Defendant") and as grounds alleges: retaliation

### JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interest, costs, and attorney's fees for willful violations of Age Discrimination in Employment Act of 1967, 29 U.S.C. §623, et. seq. ("ADEA").

### PARTIES

2. Plaintiff, LUCIA LOPEZ, is an adult, female resident of Miami-Dade County, Florida.

3. Defendant, LARKIN COMMUNITY HOSPITAL, INC. is authorized to conduct business in Florida, and did at all material times, conduct substantial and continuous business in the Southern District of Florida.

4. Plaintiff is an "employee" within the meaning of the ADEA.

5. Defendant is an "employer" within the meaning of the ADEA.

## JURISDICTION AND VENUE

6. This Honorable Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C.A. §1331, 1343, and 1367.

7. Venue is proper in the United States District Court of the Southern District of Florida under 28 U.S.C. §1391(b) and (c) because a substantial part of the events giving rise to the claim occurred in this district.

8. Plaintiff filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Humans Relations (FCHR).

9. Plaintiff files this complaint within 90 days after receiving a notice of right to sue from the EEOC.

10. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS

11. The Plaintiff is a 59-year-old Female.

12. On or about August 1, 2017, the Plaintiff began working for Larkin Community Hospital, Inc. as a Phlebotomist during the night shift.

13. On or about January 2020, Plaintiff was transferred from the night shift to the afternoon shift.

14. After being transferred, Plaintiff began overhearing disparaging comments about her age from her coworkers.

15. Plaintiff overheard Milargo Alonso, a phlebotomist who frequently worked as a supervisor, that Plaintiff should not be working because of "how old she is, and that this job requires younger people."

16. On another day, Plaintiff overhead another comment from her supervisor, Milagros Fennema, to another employee where Mrs. Fennema said Plaintiff "would have to quit."

17. Without explanation, Milagros Fennema reduced Plaintiff work schedule from forty hours to thirty two hours a week.

18. With the start of the COVID-19 Pandemic, Milagros Fennema began to start hiring young workers to help with the workload in the hospital with the influx of patients.

19. Plaintiff began experience a hostile workplace at the hands of Milagros Fennema as she began to micromanage and surveil her while she worked her shift.

20. On or around October 22, 2020, Milagros Fennema presented Plaintiff with a written warning for a supposed insubordination for working overtime, while everyone else, especially the young workers, were working overtime due to the COVID-19 Pandemic.

21. Plaintiff asked Milagros Fennema for a copy of the written warning, in which Milagros Fennema falsely stated that asking for such a request was "illegal."

22. Later during the day on October 22, 2020, Milagros Fennema falsely accused Plaintiff of sending a patient's paperwork with the information of another patient to Pathology.

23. After her confrontations with Milagros Fennema, Plaintiff believed and feared that Milagros Fennema was attempting to set her up to give false pretext for her to be terminated.

24. On October 22, 2020, Plaintiff wrote a letter to Defendant's Human Resource Department making aware of the situation she was having with her supervisor Milagros Fennema.

Human Resources gave Plaintiff an appointment for October 29, 2020, to discuss the situation with them.

25. On October 29, 2020, Plaintiff was wrongfully terminated from her position.

26. The Plaintiff was qualified to do her job as a phlebotomist and completed her duties to Defendant's standards.

27. The Plaintiff was replaced by a substantially younger person for the same position as Plaintiff.

28. As a result of Defendant's discriminatory treatment of the Plaintiff based on her age, the Plaintiff had suffered damages and was forced to retain undersigned counsel.

## COUNT I
## Age Discrimination in Violation of the ADEA

29. Plaintiff re-adopts each and every factual allegation stated in paragraphs 1-32 above as is set out in full herein.

30. Plaintiff is in the protected age category under the ADEA.

31. By the conduct described above, Defendant engaged in discrimination against Plaintiff because of Plaintiff's age and subjected the Plaintiff to age-based animosity.

32. Such discrimination was based upon the Plaintiff's age in that the Plaintiff would not have been the object of discrimination but for the fact of her age.

33. Defendant's conduct complaint of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of the Plaintiff's age was unlawful but acted in reckless disregard of the law.

34. At all times material hereto, the employees exhibiting discriminatory conduct towards the Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

35. Defendant retained the new and younger employees and did so despite the knowledge of engaging in discriminatory actions.

36. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damages.

37. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

38. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

39. The ADEA prohibits, 29 U.S.C. Sec. 623, et seq. prohibits employers from "refusing to hire or discharge any individual or otherwise discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. Sec. 623.

40. Plaintiff was fully qualified to be employed by Defendant and could perform all essential functions of the position held with Defendant.

41. Defendant is a covered employer to which the ADEA applies.

42. Defendant terminated and disqualified Plaintiff from employment because of Plaintiff's age.

43. As a result of Defendant's actions, Plaintiff suffered and will continue to suffer both economic and non-economic harm.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree the Defendant has violated the ADEA, and has willfully, intentionally, and with reckless disregard for Plaintiff's rights.

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

d. Award Plaintiff the costs of this action, together with reasonable attorney's fees; and

e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Respectfully submitted

By: /s/ *Elvis J. Adan*
Elvis J. Adan, Esq.
Fla. Bar No.: 24223

GALLARDO LAW OFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000
Facsimile: (305) 261-0088